## DARR et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

District Court, S. D. New York.

Oct. 1, 1947.

Stanley Faulkner, of New York City (Raymond S. Harris, of New York City, on the brief), for plaintiff.

Louis W. Dawson, of New York City (Joseph V. Lane, of New York City, of counsel), for defendant.

HINCKS, District Judge.

Having, pursuant to my Memorandum of July 11, 1947, D.C., 72 F.Supp. 752, entered an order granting defendant's motion to reopen and for leave to plead and prove defenses under the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., the trial of the case, which had resulted in my findings and conclusions of April 30, 1947, D.C., 74 F.Supp. 80, was supplemented by a session held on notice on September 12, 1947, when the parties appeared, offered evidence and were fully heard. From the record as thus expanded I make the following supple-

mental findings of fact and conclusions of law, each numbered serially to follow in sequence the findings and conclusions of April 30, 1947, made as aforesaid.

### Findings of Fact

14. Although there was no evidence that the Wage and Hour Division prior to December 6, 1940, had ever by express and official regulation, order, ruling, approval or interpretation acceded to the view that insurance business was outside the coverage of the Fair Labor Standards Act, 29 U.S.C. A. § 201 et seq., nevertheless prior to that date at least it had been the administrative practice and enforcement policy of the Wage and Hour Division not to enforce said Act in the insurance industry.

December 6, 1940, was the critical date for purposes of these supplemental findings. See Finding 13. The letter of the administrator of November 1942, Exhibit B, shows that as late as that date it was the practice and policy of the Division not to seek restitution for violations occurring prior to February 10, 1942, from employers who, like this defendant, had been in substantial compliance since that latter date. And it was implicit throughout the testimony of defendant's witnesses that no more drastic policy had been in force at an earlier stage.

15. In failing to make the payments aggregating $660 as set forth in Finding 11 to the plaintiffs named in said paragraph the defendant acted in good faith and in conformity with and in reliance on the administrative practice and enforcement policy set forth in Finding 14.

The fact of the defendant's reliance is supported by the direct testimony (by deposition) of its officer as well as by imperative inference from the situation then existing. In December, 1940, the defendant without admitting its coverage under the Act voluntarily brought itself into compliance without any enforcement proceeding or other official compulsion: that an employer who then voluntarily complied would have complied even earlier if brought under official pressure, is a fair inference. Anyhow, the voluntary compliance in December, 1940, goes far to demonstrate the good faith required both under Sec. 9 and under Sec. 11 of the Portal-to-Portal Act of 1947. And the defendant's good faith is further inferable from the then widely prevailing view of the law to the effect that "insurance is not commerce" according to "numerous and unvarying decisions" of the Supreme Court,—a view which this defendant shared with Chief Justice Stone who dissented in U. S. v. Underwriters Ass'n, 322 U.S. 533 at page 567, 64 S.Ct. 1162, 88 L.Ed. 1440.

16. In failing to make the payments referred to in Finding 11, the defendant acted in good faith and with reasonable grounds for the belief that it was not in violation of the Fair Labor Standards Act of 1938.

### Conclusions of Law

7. Conclusion of Law No. 7, appended to my Findings of April 30, 1947, is vacated and there is substituted therefor the following: "The Portal-to-Portal Act of 1947 in its application to this case is not unconstitutional."

The basis for this conclusion was discussed in my memorandum of July 11, 1947.

8. The facts in Findings 14 and 15 constitute a complete defense to this action under Section 9 of the Portal-to-Portal Act of 1947.

9. The facts set forth in Finding 16 bring the case within Section 11 of the Portal-to-Portal Act of 1947, and in the exercise of what I believe to be sound discretion I award no liquidated damages.

10. The defendant is entitled to judgment.

11. Costs will be awarded in favor of neither party. In view of the liability as it existed first when action was brought and at the time of the original trial and later at the time of the supplemental hearing it is fairer, I think, to let costs lie as they fell.